UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERMAN I. PULLEY,<br><br>               Petitioner,<br><br>  vs.<br><br>RICHARD MORGAN,<br><br>               Respondent. | NO.  CV-05-5020-EFS<br><br>ORDER DISMISSING PETITION AS TIME-BARRED |

BEFORE THE COURT is Petitioner's "Answer to Order to Show Cause," (Ct. Rec. 7), filed April 19, 2005.  The Court directed Petitioner on March 25, 2005, to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d).  Petitioner, a prisoner at the Washington State Penitentiary (WSP), is proceeding *pro se* and has paid the filing fee.  After review of Mr. Pulley's "Answer," the Court finds his petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

In 1998, Petitioner was convicted of First Degree Burglary and sentenced under the "persistent offender" statute to Life Without the Possibility of Parole.  Petitioner asserts his direct appeal concluded with the issuance of a mandate by the Washington State Court of Appeals, Division III, on March 25, 2002.  For purposes of the federal

ORDER DISMISSING PETITION AS TIME-BARRED -- 1

limitations period under 28 U.S.C. § 2244(d) "it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review." *Wixom v. Wash.*, 264 F.3d 894, 897-98 (9th Cir. 2001). Accordingly, for the reasons set forth in the Order to Show Cause and based on Washington Rules of Appellate Procedure, this Court has determined that March 18, 2002, marks the conclusion of direct appellate review for purposes of § 2244(d)(1)(A). Petitioner presents no facts to delay the running of the limitations period under 28 U.S.C. §§ 2244(d)(1)(B)-(D).

Petitioner asserts he is entitled to an additional period of statutory tolling which he omitted from his petition. He states he had a Motion to Vacate Judgment pending in the Spokane County Superior Court between October 10, 2002, and November 21, 2002. Petitioner asks this Court to extend the tolling period for the time during which he could have filed an appeal of the denial of his Motion, but did not.

The statute of limitations is tolled under § 2244(d)(2) only for "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." In failing to appeal the Superior Court's decision, Petitioner was not "attempting, through proper use of state court procedures, to exhaust state court remedies . . . ." *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Petitioner presents nothing to demonstrate the decision to deny his Motion to Vacate Judgment on November 21, 2002, became final on a later date. Mr. Pulley is not entitled to statutory tolling under § 2244(d)(2) for a time period when he claims he could

ORDER DISMISSING PETITION AS TIME-BARRED -- 2

have sought further review, but he did not. *See e.g., White v. Klitzkie,* 281 F.3d 920, 924-25 (9th Cir. 2002)(finding not entitled to statutory tolling under § 2244(d)(2) for the time during which he contends he could have filed a petition for a writ of certiorari in the United States Supreme Court).

Assuming Mr. Pulley's Motion to Vacate Judgment was a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" under 28 U.S.C. § 2244(d)(2), approximately 206 days of the federal limitations period had already expired before Mr. Pulley filed his motion on October 10, 2002. The period of limitations resumed running on or about November 22, 2002.

Even if March 22, 2003, was the actual date Mr. Pulley filed his Personal Restraint Petition in the Court of Appeals, an additional 120 days had expired, totaling 326 days, before he did so. The issue whether Mr. Pulley's Personal Restraint Petition was timely under state law is an issue for the state courts to determine and has no bearing on the calculation of the federal limitations period.

At the time the Washington State Supreme Court denied Petitioner's Motion to Modify Commissioner's ruling on February 3, 2004, there were only 39 days remaining in the statutory period in which to file his federal habeas corpus petition. Unless Petitioner can demonstrate a basis for equitable tolling, the petition signed February 11, 2005, is untimely under 28 U.S.C. § 2244(d).

## EQUITABLE TOLLING

Equitable tolling under the Anti-Terrorism and Effective Death

ORDER DISMISSING PETITION AS TIME-BARRED -- 3

Penalty Act (AEDPA) is appropriate only where extraordinary circumstances beyond a prisoner's control render it impossible to timely file a petition. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (*en banc*). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner fails to allege extraordinary circumstances which would justify equitable tolling of the statute of limitations. *See Beeler,* 128 F.3d at 1288-89.

### *Abandonment by Counsel*

Mr. Pulley contends his counsel abandoned his case, thus preventing him from filing a Motion for Discretionary Review with the Washington State Supreme Court on direct appeal. Lack of legal assistance, however, is generally insufficient to justify tolling the statute of limitations. *Hughes v. Idaho Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986). Furthermore, an attorney's "miscalculation of the limitations period . . . and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Petitioner has not shown a basis for equitable tolling.

### *Inadequate law library access*

Next, Mr. Pulley asserts extremely limited access to the law library should equitably toll the limitations period between February

ORDER DISMISSING PETITION AS TIME-BARRED -- 4

3, 2004, and February 11, 2005. He complains the law library is only open five days per week; he was permitted to use it only approximately nine hours and fifteen minutes per week; and other factors, including his job, limited his access further, down to only 203 hours and 40 minutes in a 365 day period. He contends this did not afford him adequate time to access the law library to research and prepare his pleadings. Petitioner's complaint that his law library use was interrupted in April 2005 is irrelevant to determining whether Mr. Pulley was prevented from filing a timely petition.

The limited law library access described by Petitioner does not demonstrate it was impossible for him to file a timely federal habeas petition. *See Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002) (holding that a prisoner was entitled to equitable tolling if he was denied access to his legal files for 82 days, and remanding for a factual determination of whether petitioner's allegation to that effect was true); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding for development of the record on whether unavailability of AEDPA materials in the prison law library provided grounds for equitable tolling); *Miles*, 187 F.3d at 1107 (applying equitable tolling where prison officials delayed mailing petition and filing fee). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). Petitioner has not done so.

### ***Claim of legal innocence***

Petitioner requests equitable tolling from February 3, 2004, to February 11, 2005, "because the petitioner was denied a full and fair

ORDER DISMISSING PETITION AS TIME-BARRED -- 5

review on the issue challenging the sufficiency of the evidence, because petitioner's similarly situated with actual innocence claims." He further contends that "the limitations period would unconstitutionally suspend habeas relief where the Petitioner shows insufficient evidence or legal innocence and, therefore, an insufficiency of the evidence exception must be read into the provision of § 2244(d)."  Petitioner's assertions lack merit.

Under the actual innocence gateway of *Schlup v. Delo*, 513 U.S. 298 (1995), a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice. *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002).  Even if the actual innocence gateway could override the AEDPA's statute of limitations, *id.* at 776, Petitioner has failed to present sufficient evidence to show that it is more likely than not that no reasonable juror would have convicted him, *see Sistrunk v. Armenakis*, 292 F.3d 669, 673, 677 (9th Cir. 2002) (*en banc*) (quotations and citations omitted); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998)(Evidence must demonstrate "factual innocence, not merely legal insufficiency").

"To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added).  Here, Mr. Pulley merely re-asserts claims based on evidence presented at his trial.  He has failed to make a showing of actual innocence as a basis

ORDER DISMISSING PETITION AS TIME-BARRED -- 6

for equitably tolling the federal limitations period.

Petitioner argues that simply the nature of his claim -- the insufficiency of the evidence -- should justify equitable tolling from February 3, 2004, until February 11, 2005.  There is no federal authority to support Mr. Pulley's argument.  For the reasons set forth above and in the court's previous Order, **IT IS ORDERED** the petition is **DISMISSED with prejudice** as time-barred under 28 U.S.C. §2244(d).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner at his last known address, and close the file.

**DATED** this    28th    day of April 2005.


                    S/ Edward F. Shea
                    EDWARD F. SHEA
               UNITED STATES DISTRICT JUDGE


Q:\Civil\2005\5020.dismiss.time.wpd

ORDER DISMISSING PETITION AS TIME-BARRED -- 7